UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES N., | No. EDCV 19-2116 AGR |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff[1] filed this action on November 5, 2019.  The parties filed a Joint Stipulation that addressed the disputed issues.  The court has taken the matter under submission without oral argument.[2]

Having reviewed the entire file, the court affirms the decision of the Commissioner.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 11, 13.)

## I.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on December 2, 2015, and alleged an onset date of November 5, 2009. Administrative Record ("AR") 13. The application was denied initially and on reconsideration. AR 13, 73, 81. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On August 9, 2018, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified. AR 28-63. On October 9, 2018, the ALJ issued a decision denying benefits. AR 10-23. On September 9, 2019, the Appeals Council denied review. AR 1-5. This action followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2014. AR 16. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff had the severe impairments of degenerative joint disease of the right knee; degenerative disc disease of the lumbar spine; and obesity. AR 16.

The ALJ found that Plaintiff had the residual functional capacity to perform light work except that he could lift 50 pounds occasionally and 25 pounds frequently; stand/walk/sit for six hours in an eight-hour day; frequently climb ramp and stairs; frequently balance and stoop; occasionally climb ladders, ropes or scaffolds; and occasionally kneel, crouch and crawl. Plaintiff required a cane for ambulation. AR 17.

The ALJ found that Plaintiff was unable to perform any past relevant work but could have performed jobs that existed in significant numbers in the national economy

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

such as bench assembler (DOT 706.684-022) and school bus monitor (DOT 372.667-042), both of which required light work. AR 21-22.

### C. Residual Functional Capacity

The residual functional capacity ("RFC") assessment measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471 (1986). The RFC is a determination of "'the most [the claimant] can still do despite [the claimant's] limitations.'" *Treichler v. Comm'r*, 775 F.3d 1090, 1097 (9th Cir. 2014) (citation omitted). The ALJ's RFC assessment must be supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Plaintiff makes three arguments.

#### 1. Treating Physician

Plaintiff argues that the ALJ improperly discounted the opinion of Dr. Shen.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When, as here, a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations and quotation marks omitted).

"When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

Plaintiff was referred to Dr. Shen, who saw Plaintiff for the first time on February 23, 2010. AR 315. Dr. Shen noted that right knee x-rays showed moderate degenerative arthritis. Lumbar spine imaging indicated spondylolisthesis at L5-S1, dextroscoliosis and degenerative changes (disc space narrowing at L3-4, L4-5 and L5-S1; vacuum disc phenomenon at L3-4 and L4-5; spurs at multiple levels; and mild sclerotic change at sacroiliac joints). Plaintiff reported vague sensation traveling down

4

right leg but not constantly. AR 315-16. Upon examination, Plaintiff had pain and decreased range of motion in the lumbar spine. His neurological examination was normal. Dr. Shen ordered physical therapy. Plaintiff was advised to lose weight, avoid lifting and bending, and return in three months. AR 316.

On April 30, 2010, Plaintiff saw a knee specialist and reported that he uses no aids to do activities of daily living, is able to go shopping without assistance, and walk an unlimited distance. AR 320. The physician recommended an injection and bracing, but Plaintiff declined and stated he wanted to try to lose weight. AR 321.

On July 1, 2010, Plaintiff asked Dr. Shen for an extension of his off work order and claimed he could not lift anything. Dr. Shen refused and stated he could restrict him to light duties. AR 621.

Plaintiff underwent five physical therapy sessions. AR 329, 335, 340, 345, 350. He reported improvement until a session on August 18, 2010. He helped a friend do dry wall on Tuesday and his back started hurting again. The pain was 8/10. AR 345. By the next session on September 14, 2010, Plaintiff reported that the flare-up had resolved except he experienced pain with lifting and bending. AR 350.

Plaintiff returned to Dr. Shen nine days later on September 23, 2010. AR 355. Plaintiff reported he helped his brother with remodeling but the pay was not enough. On examination, Plaintiff was very stiff with no change. Dr. Shen prescribed medication and stated "light duties extended." Plaintiff would let Dr. Shen know if he changed his mind about an injection. AR 355-56.

At the next physical therapy session on October 6, 2010, Plaintiff reported that his back pain has been doing better since the last session but "as soon as he does yardwork or heavy activity his pain returns." His current level of pain is 6/10. AR 360. By the next physical therapy session on November 3, 2010, Plaintiff reported his back pain was better and he was able to do yard work without too much trouble. His back pain was 3/10. AR 380. On December 1, 2010, Plaintiff reported more improvement

with usual pain level of 2/10 and 3-4/10 with lifting. AR 385. On January 21, 2011, Plaintiff reported the same results. AR 390.

The ALJ did not directly discuss Dr. Shen's opinion that Plaintiff was limited to light duties. Any error was harmless, however, because the ALJ limited Plaintiff to light work. AR 17, 22. An ALJ's error is harmless when it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r,* 454 F.3d 1050, 1055 (9th Cir. 2006). Failure to discuss a treating physician's opinion is subject to harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). To the extent the ALJ's residual functional capacity assessment limited Plaintiff to light work yet found that Plaintiff could lift/carry 50 pounds occasionally and 25 pounds frequently, the ALJ erred. AR 17. Again, any error would be harmless because the ALJ limited Plaintiff to light work and the vocational expert listed only jobs in the light category. The vocational expert testified that the two representative jobs of bench assembler and school bus monitor require light work. The bench assembler job is normally performed in a seated position, which would reduce the need for cane use. AR 56-57.

Plaintiff argues that the ALJ erred in failing to include Dr. Shen's opinion on February 23, 2010 that Plaintiff should "avoid lifting and bending." AR 316. Any error would be harmless because it is inconsequential to the nondisability determination. *Stout,* 454 F.3d at 1055. Dr. Shen did not repeat that recommendation seven months later at the September 2010 visit. As discussed above, Plaintiff reported during this time frame that he continued to help with construction activities and yardwork, and reported being able to lift with pain of 3-4/10 by December 2010.

### 2. Medical Expert

Plaintiff contends that the ALJ erred in failing to order a medical expert to review the medical record and assess his functional limitations before the date last insured (December 31, 2014).

To be entitled to disability insurance benefits, a claimant must show that his disability began before the date last insured. Benefits can be paid up to 12 months

6

before the application was filed. *Wellington v. Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017).

To the extent Plaintiff argues that an ALJ cannot assess a disability onset date based on his or her own review the medical records, Plaintiff does not accurately state the legal standard. "Under ordinary circumstances, an ALJ is equipped to determine a claimant's disability onset date without calling on a medical advisor." *Id.* at 874. "An ALJ need not call on a medical advisor when the available evidence clearly could not support an inference of disability onset during a gap in the medical records." *Id.* "A medical advisor is not required when, despite some inadequacies, 'a relatively complete medical chronology' of the claimant's condition during the relevant time period is available. [] In these situations, the ALJ's duty to develop the record is discharged."[4] *Id.* (citation omitted). "Also, a medical advisor is unnecessary when, based on 'the nature of the impairment (i.e., what medical presumptions can reasonably be made about the course of the condition),' an ALJ can reasonably and confidently say that no reasonable medical advisor could infer that the disability began during a period for which the claimant lacked medical documentation." *Id.* at 875 (citation omitted). When, however, an ALJ must determine the onset date of disability and medical evidence from the relevant time period is unavailable or inadequate, the ALJ may be required to call a medical expert. *Id.* at 873-74.

The ALJ determined that, prior to the date last insured (December 31, 2014), Plaintiff had the residual functional capacity to perform light work except that he required a cane for ambulation and he could stand/walk/sit for six hours in an eight-hour

---

[4] An ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 2001)). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

day; frequently climb ramp and stairs; frequently balance and stoop; occasionally climb ladders, ropes or scaffolds; and occasionally kneel, crouch and crawl. AR 17.

As discussed above, Dr. Shen opined that Plaintiff was capable of light duties. Plaintiff does not explain why the ALJ would be required to call a medical expert. Plaintiff went to Kaiser Permanente and its medical records contain his visits and test results during November 2009 through July 2018. Plaintiff does not identify any inadequacy in the records. In April 2014, Plaintiff reported that his pain was adequately controlled with medication with no side effects. Plaintiff was able to do activities of daily living, and his pain did not prevent social, occupational or physical activities. AR 446. In June 2015, after the date last insured, Plaintiff reporting exercising 60 minutes per week and requested a new cane. AR 1011.

The ALJ does not cite support in the record for his assessment that Plaintiff, who required a cane to ambulate, could nevertheless occasionally or frequently climb, balance, stoop, kneel, crouch and crawl. The court concludes that any error is harmless because the vocational expert identified a representative job – bench assembler, DOT 706.684-022 – that does not require such functional abilities. The DOT indicates that climbing, balancing, stooping, kneeling, crouching and crawling are not present for the job of bench assembler. The vocational expert testified that the job of bench assembler is normally done in a seated position, and could be done even if the claimant were limited to standing/walking two hours in an eight-hour day.[5] AR 56-57. Accordingly, any error by the ALJ was inconsequential to the nondisability determination. *Stout,* 454 F.3d at 1055.

---

[5] Plaintiff indicated he could walk an unlimited distance in April 2010. AR 320. However, on September 15, 2015 after the date last insured, Plaintiff complained of bilateral knee pain if he walks over two hours. AR 1022. Because the vocational expert indicated that the bench assembler job could be performed even with a limitation to standing/walking no more than two hours, any error by the ALJ would be harmless and inconsequential to the nondisability determination.

### 3. ALJ's Interpretation of the Medical Record

Plaintiff argues that the ALJ erred in assessing that he was capable of lifting 50 pounds occasionally and 25 pounds frequently. The court agrees but, as discussed above, finds that the error is harmless because the ALJ found Plaintiff capable of light work and the vocational expert identified only representative jobs that required light work. The ALJ's error was inconsequential to the disability determination. *Id.*

Plaintiff further argues that the ALJ erred in discounting the opinion of Dr. Namazian, who opined that Plaintiff could not work from April 30, 2010 through May 31, 2010. AR 323. Any error would be harmless because the time period at issue does not satisfy the 12-month duration requirement. 20 C.F.R. § 404.1509. Moreover, as discussed above, Dr. Shen subsequently refused to keep Plaintiff off work and continued him on light duties in September 2010. Plaintiff has not shown error.

### B. Plaintiff's Allegations

In assessing a claimant's subjective allegations, the Commissioner conducts a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ determines whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged. *Id.* Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 18. Second, when, as here, the record does not contain evidence of malingering, the ALJ must give specific, clear and convincing reasons for discounting the claimant's subjective allegations. *Vasquez*, 572 F.3d at 591. The ALJ discounted Plaintiff's subjective allegations for three reasons: (1) the severity of the subjective allegations was inconsistent with the medical evidence; (2) Plaintiff's work activities after the alleged onset date indicated he was more capable and active than alleged; and (3) his daily activities indicated greater capability than alleged before the date last insured. AR 18, 20-21.

Plaintiff does not challenge the three reasons the ALJ articulated. Instead, Plaintiff contends the ALJ erred by not expressly considering Plaintiff's strong work

history in the decision. Plaintiff points out that the regulations require an ALJ to "consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your medical sources, and observations by our employees and other persons." 20 C.F.R. § 404.1529(c)(3).

The ALJ's decision indicates that the ALJ considered all of the evidence. AR 17-18. There is no legal requirement "that requires an ALJ to elevate work history to a dispositive factor, or to discuss it in his ruling if it is not necessary to do so." *Lamberson v. Astrue*, 2012 U.S. Dist. LEXIS 141156, *15 (C.D. Cal. Sept. 28, 2012); *see also Dahlia G. v. Berryhill*, 2019 U.S. Dist. LEXIS 1859, *22-*23 (C.D. Cal. Jan. 3, 2019); *Gill v. Astrue*, 2011 U.S. Dist. LEXIS 148912, *11 (S.D. Cal. Dec. 28, 2011) ("an ALJ is not required to include a discussion of a claimant's work history in his or her determination"). At the hearing, the ALJ questioned Plaintiff about his construction work history and why he retired from that work in November 2009. AR 34-38. The ALJ agreed Plaintiff was not capable of performing his past relevant work. AR 21. Plaintiff has not shown that the ALJ was required to discuss his work history in the decision.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: February 18, 2021

ALICIA G. ROSENBERG
United States Magistrate Judge